# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Christopher Shivers, )
    Petitioner, )
)
v. ) 1:09cv368 (JCC/TCB)
)
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Christopher Shivers, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of possession with intent to distribute rock cocaine and other offenses in the Circuit Court for Richmond County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Shivers was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he subsequently moved for an extension of time to do so. Although the extension was granted, petitioner has opted to file no reply. For the reasons that follow, Slayton's claims must be dismissed.

### I. Background

On August 18, 2006, following a jury trial, Shivers was found guilty of possession of a controlled substance with intent to distribute, reckless driving, eluding the police, and driving with a suspended license. Case Nos. CR05-148-00, CR05-150-00 - CR05-152-00. On November 8, 2006, Shivers was sentenced to serve an aggregate of twenty (20) years and twenty-four (24) months in prison, with seven (7) years suspended, for a total active sentence of thirteen (13) years and twenty-four (24) months. Pet. for App. at 1 - 2. Shivers took a direct appeal to the Court of Appeals of Virginia, raising in relevant part the claim that the trial court erred by allowing police Captain Steve

Smith to be qualified as an expert witness. On May 24, 2007, the appeal was denied. Shivers v. Commonwealth, R. No. 28844-06-2 (Va. Ct. App. May 24, 2007). Shivers sought further review by the Virginia Supreme Court, but his petition for appeal was refused on January 2, 2008. Shivers v. Commonwealth, R. No. 072064 (Va. Jan. 2, 2008).

On or about March 27, 2009, Shivers filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia. Also on March 27, 2009, Shivers turned to the federal forum and filed this petition for § 2254 relief,[1] raising four claims for relief. However, petitioner admitted that two of his claims remained unexhausted, as they were first raised in the state habeas corpus application which then remained pending before the Supreme Court of Virginia. Because it appeared that the one-year statute of limitations made applicable to this federal petition by 28 U.S.C. § 2244(d) was due to expire within days, and in the interest of comity and for good cause shown under the standards in Rhines v. Weber, 544 U.S. 269, 278 (2005), this action was stayed pending resolution of Shivers' state habeas action. (Docket # 2) Petitioner was directed to provide the Court with a copy of the Supreme Court of Virginia's decision regarding his state habeas petition within thirty (30) days of the date of that decision, and to inform the Court whether he intended to appeal that decision to the Supreme Court of the United States.

On May 12, 2009, Shivers submitted an amended § 2254 petition, along with a copy of an order entered by the Supreme Court of Virginia dismissing his state habeas corpus application as untimely filed. Shivers v. Dir., Dep't of Corrections, R. No. 090635 (Va. Apr. 28, 2009). Because

---

[1] A habeas corpus petition submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Shivers certified that his petition was placed in the prison mailing system on March 27, 2009. Pet. at 15.

the amended petition was difficult to understand, petitioner was directed to particularize and amend his allegations by returning a properly-completed form § 2254 petition. Petitioner was cautioned that the second amended petition would serve as the sole operative petition in this action. Shivers submitted a second amended petition in compliance with the Court's instructions on August 20, 2009. In the second amended petition (Docket # 9 ), Shivers raises the following claims:[2]

1. Trial counsel rendered ineffective assistance by failing to inform the court that it neglected to read to the jury defense's <u>Fishback</u> instruction.

2. Trial counsel rendered ineffective assistance by failing to argue that petitioner's right to a speedy trial was violated.

3. Trial counsel rendered ineffective assistance by failing to strike jurors Hayes, Dillon and Syndor from the panel.

4. Virginia Code § 8.01-654 is unconstitutional as applied to him.

5. Trial counsel rendered ineffective assistance by failing to inform the court that it neglected to proffer a <u>Fishback</u> instruction.

6. Trial counsel rendered ineffective assistance by failing to preserve the issue of the sufficiency of the evidence.

7. Trial counsel rendered ineffective assistance by failing to strike juror Veney from the panel.

8. The trial court erred in qualifying Captain Smith as an expert witness.

---

[2]The claims listed have been renumbered for ease of reference. In addition, petitioner appears in at least two instances to assert the same claim twice in the second amended petition (Docket # 9, form petition at 6 - 11 and typewritten pages 2 - 8), and in those instances the duplicate claims have been omitted here.

## II. Procedural Bar

Claims 1 through 4 of this petition as listed above were presented to the state courts in Shivers' application for a state writ of habeas corpus. Because the state petition was dismissed as untimely filed, Shivers v. Dir., Dep't of Corrections, supra, the claims are procedurally defaulted from federal review. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). Here, both of those requirements are met by the Virginia Supreme Court's finding that claims 1 through 4 of this petition were defaulted in the state forum as untimely filed.

Claims 5 through 7 as listed above were presented to the Virginia Supreme Court in an amendment to Shivers' state habeas corpus application. However, according to Shivers, the Court "completely ignored" his motion to amend his initial petition in that case, and apparently never considered the claims expressed in the amendment. Consequently, as claims 5 through 7 have never been considered by the Virginia courts, they are unexhausted. However, they nonetheless are treated as exhausted because petitioner is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas petitions. Therefore, claims 5 through 7 are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

When a habeas corpus claim was procedurally defaulted in the state forum, federal courts

may not review it absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In this case, petitioner was provided with an opportunity to show cause why his claims should not be dismissed as procedurally defaulted, in accordance with Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999). (Docket # 7) However, Shivers thereafter filed nothing to attempt to establish cause and prejudice for his default of claims 1 through 7, or that a fundamental miscarriage of justice will result if they are not reviewed on the merits. Therefore, claims 1 through 7 of this petition are procedurally barred from federal review, and they must be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides

5

a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In claim 8, the sole claim which is arguably cognizable here, Shivers contends that the trial court erred in qualifying Captain Smith as an expert witness. When he made this same claim on direct appeal, the Court of Appeals of Virginia found it to be without merit, as follows:

> Appellant argues the trial court erred in qualifying Smith as an expert in the distribution of narcotics.
>
> 'It is well established that the admissibility of expert testimony is within the sound discretion of the trial court, and that court's decision will not be disturbed absent an abuse of discretion.' Patterson v. Commonwealth, 3 Va. App. 1, 11, 348 S.E.2d 285, 291 (1986). 'Ordinarily, a witness need not have specialized training in a particular field and may gain his expertise solely through work experience.' Fitzgerald v. Commonwealth, 48 Va. App. 271, 275, 630 S.E. 2d 337, 338 (2000), aff'd, 273 Va. __, 642 S.E.2d 63 (2007).
>
> 'Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.' Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).

6

* * *

> Smith was a captain in the sheriff's office and had worked as a law-enforcement officer for approximately fifteen years, primarily dealing with narcotics work. Smith had attended classes, worked undercover purchasing crack cocaine, and worked with informants purchasing crack cocaine. Appellant contends that since Smith could not explain how crack cocaine was created from cocaine, he was not qualified as an expert on packaging and distribution of crack cocaine. However, Smith was not offered as an expert in the creation of crack cocaine, but was offered as an expert on the use and distribution of narcotics. Based upon all the circumstances, the trial court did not abuse its discretion in qualifying Smith as an expert in the use and distribution of narcotics.

Shivers, R. No. 28844-06-2, slip op. at 2-3.

As respondent argues, claim 8 under these circumstances states no claim for federal habeas corpus relief. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Therefore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Bates v. Lee, 308 F.3d 411, 420 (4th Cir.), cert. denied, 538 U.S. 1061 (2003), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Questions regarding the admissibility of evidence normally are matters of state law and procedure, and do not implicate federal constitutional issues. "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Moreover, to be cognizable on federal habeas corpus review, a claim involving a state evidentiary ruling not only must be expressed as a constitutional deprivation, but also first must have been argued in such terms in the state forum. Moore v. Illinois,

408 U.S. 786, 799 (1972) (due process issue concerning admission into evidence of shotgun raised for the first time in federal petition not properly before federal court where "there [was] nothing in the record to disclose, that due process was argued in the state courts"); see also, Duncan v. Henry, 513 U.S. 364 (1995) (exhaustion requirement fulfilled only where § 2254 habeas petitioner first presented same factual and legal claims to state tribunals).

In this case, it does not appear that Shivers' eighth claim is expressed as an error of constitutional dimension, Am Pet. at attached p. 8, and since it thus implicates only state law, it states no basis for federal relief. Cf. Grundler, 283 F.2d at 802. Moreover, even if Shivers' federal claim could be very broadly interpreted as raising a federal due process argument, it is apparent that no such implications were presented to the Virginia courts. Therefore, a claim of constitutional dimension has not been exhausted, and so is not cognizable here. Moore, 408 U.S. at 799. Lastly, even if Shivers' eighth claim were capable of being addressed on the merits, its rejection by the Court of Appeals of Virginia was neither contrary to nor an unreasonable application of federal law, nor was it is based on an unreasonable interpretation of facts. Cf. Williams, 529 U.S. at 412-13. Therefore, it warrants no federal relief, and Shivers' application as a whole must be dismissed.

V.

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 7 day of June 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge